SENECA SINNICKSON *vs.* PETER LYNCH.

SAME *vs.* JOHN HITCHINS.

SAME *vs.* WILLIAM H. KIRKBRIDE.

A *scire facias* issued on a mechanic's lien, under the lien law of 1846, and the supplement thereto, passed in 1851, should include, as defendants, the owner of the property and the person who contracted the debt.

*Certiorari* to Camden Pleas.

Argued at June term, 1855, before OGDEN, HAINES, and

RYERSON, Justices; *Kingman*, for plaintiff in *certiorari*, *Wilson*, for defendant.

RYERSON, J.   The *certioraris* in these cases bring up the proceedings of the Camden Pleas under the lien law of 1846 (*Rev. Stat.* 742) and the supplement thereto, of 1851, (*Pamph. L. of* 1851, *page* 187). Claims were filed against Sinnickson, as the owner of certain houses in Camden, to recover demands against John Whitcraft, the contractor who erected the houses, for work done and materials furnished for him in their construction. Writs of *scire facias* were issued against Sinnickson alone, judgments entered by default, and executions issued thereon.

The cases are similarly situated, and the following reasons for reversal were relied on, in each, by the counsel of Sinnickson.

1.   That the *scire facias* issued against Sinnickson alone, and that Whitcraft, the debtor, should have been joined as a defendant.

2.   That the sheriff's return to the *scire facias* " duly served," was not sufficient to authorize the court to proceed to judgment.

3.   That the *scire facias* was returnable to a day in term, and that judgment by default was entered at the same term, whereas it was insisted that, being returnable after the first day of the term, the defendant had until the first day of the next term to appear and plead.

4.   That the form of entering the rule for judgment was not in accordance with the established practice in cases of *scire facias*.

5.   That the rule for judgment was also illegal in allowing interest upon the amount of the claim filed and in allowing costs, there being no plea or appearance.

The second section of the act of 1846 gives to the creditor the option, after having filed his claim, to " proceed to recover it by personal action, according to the nature

of the demand, against the debtor, his executors, or administrators, or by *scire facias* against the debtor and owner or owners of the building, or their executors or administrators."

It is manifest, from the claim filed, that Whitcraft was the real debtor, although it was insisted, on the argument, that this did not sufficiently appear ; and the creditor having elected to proceed by *scire facias*, he was bound, upon well settled principles, to follow the requirements of the statute, and include the debtor as a defendant. The reason for this requirement is very obvious ; the owner may not know the state of accounts between the contractor and his creditors, nor be able, without the contractor's aid, to make a proper defence to the action, and therefore the legislature wisely provided that, in proceeding by *scire facias* against the owner, the debtor should be joined as a defendant.

Being of opinion that, for this defect in the proceedings, the judgments should be set aside, it is unnecessary to examine the other reasons relied on for reversal.

Let the judgments in these cases be reversed.

OGDEN and HAINES, Justices, concurred.